**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-2135

THE ESTATE OF ROBERT ETHAN SAYLOR; PATRICIA SAYLOR; RONALD SAYLOR,

        Plaintiffs - Appellees,

v.

RICHARD ROCHFORD; SCOTT JEWELL; JAMES HARRIS,

        Defendants - Appellants,

and

REGAL CINEMAS, INC.; HILL MANAGEMENT SERVICES, INC.; FREDERICK COUNTY SHERIFF'S DEPARTMENT; FREDERICK COUNTY, MARYLAND; STATE OF MARYLAND,

        Defendants.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William M. Nickerson, Senior District Judge. (1:13-cv-03089-WMN)

Argued: September 13, 2017               Decided: September 29, 2017

Before WILKINSON, Circuit Judge, NIEMEYER, Circuit Judge, and Raymond A. JACKSON, United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** Daniel Karp, KARPINSKI, COLARESI & KARP, P.A., Baltimore, Maryland, for Appellants. Jean Mary Zachariasiewicz, BROWN GOLDSTEIN & LEVY, Baltimore, Maryland, for Appellees. **ON BRIEF:** Sandra D. Lee, KARPINSKI, COLARESI & KARP, P.A., Baltimore, Maryland, for Appellants. Sharon Krevor-Weisbaum, Joseph B. Espo, BROWN GOLDSTEIN & LEVY, Baltimore, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

---

PER CURIAM:

After Robert Ethan Saylor, an individual with Down syndrome, refused to leave a movie theater after viewing a movie — he wished to view the movie again although he had not purchased another ticket — a theater manager called Frederick County Sheriff deputies to have him removed. While forcefully removing Saylor, the deputies and Saylor fell to the ground for an unidentified reason, and the deputies then proceeded to handcuff Saylor while holding him facedown. Saylor, who was obese, stopped breathing while on the ground, prompting the deputies to remove his handcuffs. He subsequently died from asphyxia.

Saylor's family and estate commenced this action against the deputies under 42 U.S.C. § 1983 for excessive force, in violation of the Fourth Amendment, and against the deputies and other defendants for other related causes of action. The district court denied the deputies' motion for summary judgment, which claimed qualified immunity, concluding that summary judgment was precluded because of disputed material facts. In a thorough 65-page opinion, the court analyzed the complex facts of the incident, which many people witnessed, and identified various material facts that were disputed. For instance, the court noted disputes about whether Saylor was resisting arrest; to what degree he resisted; whether the deputies' or Saylor's conduct escalated the encounter; and what the deputies were told beforehand about Saylor's condition and his likely response to confrontation.

The deputies filed this interlocutory appeal, challenging the district court's qualified immunity ruling. Upon reviewing the record, however, we cannot conclude that

3

the district court erred in determining that factual disputes precluded summary judgment.

We therefore affirm the court's ruling on this issue.

AFFIRMED